IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2014 Term

**FILED**

**October 16, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 14-0041

IN RE: NAME CHANGE OF JENNA A.J.

Appeal from the Circuit Court of Monongalia County
Honorable Phillip D. Gaujot, Judge
Civil Action No. 11-P-194

REVERSED

Submitted: October 1, 2014
Filed: October 16, 2014

Suzanne Weise, Esq.
Jordan Rexrode, Student Attorney
Malinda Ferris, Student Attorney
Kelly Pawlowski, Student Attorney
Richard Morris, Student Attorney
West Virginia University College of Law
Child and Family Advocacy Clinic
Morgantown, WV
Counsel for Petitioner Jim J.

Jessica M.
No Appearance

JUSTICE LOUGHRY delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.      "Questions of law are subject to a *de novo* review."  Syl. Pt. 2, in part, *Walker v. W.Va. Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

2.      "A circuit court's interpretation of a mandate of this Court and whether the circuit court complied with such mandate are questions of law that are reviewed *de novo*."  Syl. Pt. 4, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W.Va. 802, 591 S.E.2d 728 (2003).

3.      "The general rule is that when a question has been definitely determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal or writ of error and it is regarded as the law of the case."  Syl. Pt. 1, *Mullins v. Green*, 145 W.Va. 469, 115 S.E.2d 320 (1960).

LOUGHRY, Justice:

Petitioner Jim J.[1] appeals from the December 6, 2013, order of the Circuit

Court of Monongalia County granting Respondent Jessica M.'s petition to change the

surname of the parties' minor daughter.[2]  Upon our careful review of the record in this

matter, including the opinion and mandate issued when this same case was previously

appealed, we conclude that the circuit court lacked any authority to enter the December 6,

2013, order.  Accordingly, for the reasons set forth below, we reverse.


## I.  Factual and Procedural Background

Many of the pertinent facts of this case are set forth in our prior opinion, *In re*

*Name Change of Jenna A.J. ("Jenna I")*, 231 W.Va. 159, 744 S.E.2d 269 (2013).  Briefly,

Jim J. and Jessica M. had a daughter together in 2009.  The child, Jenna, was given Jim J.'s

surname at birth.  Thereafter, the parents, who were not married, ended their relationship.

In 2011, Jessica M. filed a petition and an amended petition in the circuit court seeking to

change the child's last name.  By order entered November 9, 2011, the circuit court granted

---

[1]Consistent with our longstanding practice in sensitive matters and matters involving children, we use initials to identify the parties rather than their full surnames.  *See In the Matter of Jonathan P.*, 182 W.Va. 302, 303 n. 1, 387 S.E.2d 537, 538 n. 1 (1989).

[2]The petitioner Jim. J. has notified the Court that, after this appeal was docketed and the notice of appeal was served upon the pro se respondent, the respondent died.  No one has filed a motion for substitution of the respondent pursuant to Rule 41(a) of the Rules of Appellate Procedure, and no response has been filed to the petitioner's brief.

Jessica M.'s amended petition and changed the child's surname to a hyphenated name using the mother's and father's last names, M.-J.

Jim J. appealed and, in *Jenna I*, we reversed the circuit court's November 9, 2011, order. First, we found that the circuit court was misguided as to the appropriate evidentiary standard to apply. *Id.*, 231 W.Va. at 163, 744 S.E.2d at 273. The circuit court erroneously implied that the evidence necessary to secure a hyphenated name change is something less than the well-established standard of whether there is clear, cogent, and convincing evidence that the change would significantly advance the child's best interests. *Id.* Second, we concluded that the record did not contain the necessary clear, cogent, and convincing evidence to support changing the child's name. *Id.*

Importantly, in *Jenna I*, we did not remand the case to the circuit court for further proceedings. In fact, neither our opinion nor our subsequent mandate order[3] made any mention of a remand or further proceedings. In the *Jenna I* opinion, we expressly stated that "[b]ased on the foregoing, we are compelled to conclude that the Circuit Court of Monongalia County erred in its decision to grant a name change to the minor child in this case.

---

[3]In accordance with Rule 26 of the Rules of Appellate Procedure, we issued the mandate in this case on June 19, 2013.

2

Accordingly, the case is reversed." 231 W.Va. at 163-64, 744 S.E.2d at 273-74. Moreover, the mandate provided,

> Pursuant to Revised R.A.P. 26, the opinion previously issued in the above-captioned case is now final and is hereby certified to the Circuit Court of Monongalia County and to the parties. The decision of the circuit court is hereby reversed, and it is hereby ordered that the parties shall each bear their own costs. The Clerk is directed to remove this action from the docket of this Court.

Nevertheless, on August 29, 2013, the circuit court sua sponte noticed the case for a hearing to be held on September 25, 2013. The circuit court indicated that the purpose of the hearing was to "garner evidence" that this Court found lacking in *Jenna I*. During the September 25, 2013, hearing, the parties once again testified and presented argument concerning whether the child's surname should be changed. In a lengthy order entered on December 6, 2013, the circuit court purported to grant Jessica M.'s amended petition and again change the child's surname to M-J.

## II. Standard of Review

In the present appeal, Jim J. challenges the circuit court's December 6, 2013, order. The sole determinative issue is whether, following the issuance of *Jenna I*, the circuit court had any authority to hold further proceedings and enter its December 6, 2013, order. This issue presents a pure question of law for our review. "Questions of law are subject to a *de novo* review." Syl. Pt. 2, in part, *Walker v. W.Va. Ethics Comm'n*, 201 W.Va. 108, 492

3

S.E.2d 167 (1997). Similarly, "[a] circuit court's interpretation of a mandate of this Court and whether the circuit court complied with such mandate are questions of law that are reviewed *de novo*." Syl. Pt. 4, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W.Va. 802, 591 S.E.2d 728 (2003).

## III. Discussion

Jim. J. contends that the circuit court violated the law of the case doctrine by failing to apply our mandate in *Jenna I* and by entering the December 6, 2013, order changing the child's surname. We agree.

"The general rule is that when a question has been definitely determined by this Court its decision is conclusive on parties, privies and courts . . . and it is regarded as the law of the case." Syl. Pt. 1, in part, *Mullins v. Green*, 145 W.Va. 469, 115 S.E.2d 320 (1960). As we have previously observed, "[t]he law of the case doctrine 'generally prohibits reconsideration of issues which have been decided in a prior appeal in the same case, provided that there [have] been no material changes in the facts since the prior appeal, such issues may not be relitigated in the trial court or re-examined in a second appeal.' 5 Am. Jur. 2d *Appellate Review* § 605 at 300 (1995) (footnotes omitted)." *Frazier & Oxley*, 214 W.Va. at 808, 591 S.E.2d at 734. In short, law of the case principles bar a trial court from acting when an appellate decision was issued on the merits of the claim sought to be precluded. *See*

4

*Bartles v. Hinkle*, 196 W.Va. 381, 388 n. 5, 472 S.E.2d 827, 834 n. 5 (1996) (rejecting argument that law of the case doctrine applied when issue had not been before Supreme Court in prior refused petition for appeal).

The case at bar is somewhat unique. Questions regarding a circuit court's post-appeal authority and the law of the case doctrine usually arise in the context of cases where this Court issues a limited remand that a circuit court erroneously treats as a general remand, resulting in the circuit court making rulings that exceed the scope of its authority. We explained the distinction between limited and general remands in *Frazier & Oxley*:

> When this Court remands a case to the circuit court, the remand can be either general or limited in scope. Limited remands explicitly outline the issues to be addressed by the circuit court and create a narrow framework within which the circuit court must operate. General remands, in contrast, give circuit courts authority to address all matters as long as remaining consistent with the remand.

214 W.Va. at 805, 591 S.E.2d at 731, syl. pt. 2. Simply stated, a lower court is always bound by our mandate:

> Upon remand of a case for further proceedings after a decision by this Court, the circuit court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.

*Id.,* syl. pt. 3. Moreover, a circuit court's failure to abide by our mandate is subject to the issuance of a writ of prohibition: "When a circuit court fails or refuses to obey or give effect

5

to the mandate of this Court, misconstrues it, or acts beyond its province in carrying it out, the writ of prohibition is an appropriate means of enforcing compliance with the mandate." *Id.*, syl. pt. 5.

In the case sub judice, however, there was no remand. Our decision in *Jenna I* was final and constituted a definitive determination of the merits of the parties' dispute. Under the long-standing rule of *Mullins*, our decision in *Jenna I* is the law of the case and is conclusive upon all parties and the circuit court. *See Mullins*, 145 W.Va. at 469, 115 S.E.2d at 321, syl. pt. 1. Absent a remand directing the circuit court to accept further evidence and reconsider whether the child's name should be changed, the circuit court had no authority to revisit the issue. The fact that it did was, in effect, an attempt to overrule a decision of this Court, something that is contrary to our system of jurisprudence.

In addition, Jessica M. was not entitled to a second attempt to adduce evidence that she failed to present during the original hearing in this matter. Indeed, the law of the case doctrine is "'grounded in important considerations related to stability in the decision making process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy.' *United States v. Rivera-Martinez*, 931 F.2d 148, 151 (1st Cir. 1991)." *Frazier & Oxley*, 214 W.Va. at 808, 591 S.E.2d at 734. These important considerations would be impeded if a litigant who fails to prove his or her claim is granted

6

repeated opportunities to present additional evidence. As such, the circuit court erred by accepting additional evidence at the September 25, 2013, hearing.[4]

## IV. Conclusion

Accordingly, we conclude that the Circuit Court of Monongalia County had no authority to hold the September 25, 2013, evidentiary hearing or enter the December 6, 2013, order. The circuit court's December 6, 2013, order is hereby reversed.[5]

Reversed.

---

[4]In addition to asserting the law of the case doctrine, Jim J. contends that the circuit court erred on the merits of the case when granting the name change in the December 6, 2013, order. Jim J. argues that at the September 25, 2013, hearing, Jessica M. presented no new evidence and merely repeated her prior assertions that this Court found to be insufficient in *Jenna I*. Because we have already concluded that the circuit court lacked authority to accept additional evidence and enter the December 6, 2013, order, we do not address this argument.

[5]To resolve any confusion caused by the circuit court's unauthorized actions, we clarify that both of the circuit court's final orders are reversed and the child's surname remains as set forth on the child's birth certificate.