**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia ex rel. James Campbell**
**and Steven Foster,**
**Petitioners**

**FILED**
**June 16, 2015**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-0033 (Jefferson County 08-C-223)**

**The Honorable David H. Sanders, Judge of the**
**Circuit Court of Jefferson County; and Glen Poe,**
**Respondents**

**MEMORANDUM DECISION**

In this original proceeding, the petitioners and defendants below, James Campbell and Steven Foster, by counsel Charles R. Bailey, petition to prohibit the circuit court from enforcing its order of January 17, 2014. The circuit court denied the defendants' motion to alter or amend the order on January 5, 2015. The 2014 order granted the motion of the respondent and plaintiff below, Glen Poe, represented by Robert J. Schiavoni and David M. Hammer, to set judgment on a $100,000 promissory note guaranteed by the defendants, such judgment also including an award of interest and attorney fees.

Upon consideration of the record before us, the parties' briefs, and their oral arguments, we conclude that the circuit court's order is not clearly erroneous as a matter of law, and, therefore, that extraordinary relief should not issue. Moreover, because we discern no substantial question of law in connection with the petition, a memorandum opinion refusing the requested writ of prohibition is the appropriate disposition pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure.

The underlying matter has been before us once before, on direct appeal. In *Campbell v. Poe*, No. 12-0130 & No. 12-0165, 2013 WL 2462169 (W. Va. June 7, 2013), we affirmed the circuit court's grant of summary judgment to Poe on the promissory note. Therein, we recited that Campbell—Poe's former attorney—convinced Poe to lend $100,000 to a restaurant venture in which Campbell was involved. The promissory note was executed on August 29, 2007, by a limited liability company, and it contained the personal guarantees of Campbell, Foster, and Michael Briel. The note provided for simple interest on the principal at an annual rate of twelve percent, and, in the event of an

1

action to collect, Poe was entitled to recover "all reasonable costs and expenses thereof, including but not limited to reasonable attorneys fees."

Less than $3500 in accumulated interest was paid on the note before the restaurant went out of business and the company declared bankruptcy. Poe sued Campbell, Foster, and others for breach of contract, fraud, negligent legal counsel and breach of fiduciary duties, and for violations of the Wage Payment and Collection Act, 21 West Virginia Code § 21-5-1 to § 21-5-18.

The contract and fraud claims were tried in May 2011 before a jury, which returned a verdict for Poe. The circuit court declared a mistrial, however, because of an irregularity during the subsequent punitive damages phase. A retrial was scheduled, then cancelled after the circuit court granted Poe's motion for summary judgment on the contract claim, grounded predominantly on the defendants' admissions at trial and in Campbell's pro se closing argument during the punitive damages phase that he had "never shied away from" admitting that he had signed the guarantee. The circuit court's order of November 9, 2011, specified that it

> shall conduct such further proceedings as may be necessary under the terms
> of the Note to liquidate an amount due under the Note, including an award
> of attorney's fees and costs as provided for in the Note. The plaintiff shall
> have twenty days from the date of entry of this Order to submit such further
> issues to the Court and a Rule 22 will issue upon the plaintiff's motion.

The mention of "Rule 22" refers to the corresponding portion of the Trial Court Rules governing motions practice, meaning simply that once Poe identified the issues remaining for adjudication and signaled his readiness, the circuit court would enter an order scheduling briefing and argument thereon. The circuit court's docket indeed reflects two entries relating to scheduling orders on November 28, 2011 (within twenty days of the November 9 order), but provides no explicit detail concerning their subject matter or what precipitated them. Prior docket entries on November 23, 2011, however, indicate receipt of a pair of letters dated two days before and sent by Poe's lawyer to counsel for each defendant.

Also on November 23, 2011, the defendants moved to alter or amend the November 9 order. The circuit court denied that motion on January 5, 2012, prompting Campbell and Foster to file notices of appeal on January 23 and January 27, 2012, respectively. We affirmed the circuit court's order on June 7, 2013, *see Campbell*, 2013 WL 2462169 at *4, and, after we denied the defendants' petition for rehearing, our mandate issued on October 1, 2013.

2

On November 13, 2013, Poe moved the circuit court to set the amount of judgment, and, on November 25, 2013, he filed a petition for fees and costs in excess of $197,000. Poe's motion came on for hearing on January 5, 2014. On January 17, 2014, the circuit court entered an order awarding judgment to Poe in the amount of $173,000 for principal and interest due through October 31, 2013. The circuit court instructed Poe "to submit separately his petition for fees and costs to include said fees and costs through appeal and up to and through this motion." Poe had initially expected fees and costs to be determined concomitantly with the amount of judgment, but, as the result of an apparent miscommunication, counsel for the defendants informed the circuit court at the January 5 hearing that he was unprepared to address the merits of the fee petition.

The defendants moved to alter or amend the judgment order. The circuit court denied that motion on January 5, 2015. On January 14, 2015, the defendants filed the instant petition seeking extraordinary relief in prohibition. Therein, the defendants contend that our mandate of October 1, 2013, affirming the circuit court's initial entry of summary judgment on behalf of Poe, insofar as it did not provide for a remand for the circuit court to determine the specific amount of judgment or an award of attorney fees, effectively ended the case. According to the defendants, the circuit court was therefore without jurisdiction to entertain Poe's motion to set judgment or to adjudicate his petition for fees and costs.

We will grant a petition seeking a writ of prohibition "'only to restrain inferior courts from proceedings in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers.'" Syl. pt. 3, in part, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996) (quoting syl. pt. 1, in part, *Crawford v. Taylor*, 138 W. Va. 207, 75 S.E.2d 370 (1953)). A petition for a writ of prohibition "'may not be used as a substitute for a petition for appeal or certiorari.'" *Id.* (quoting *Crawford*) (alteration omitted). In *Hoover*, we set forth five factors to assist us in determining whether a lower tribunal has exceeded its legitimate authority such that we should exercise our discretion to grant extraordinary relief in prohibition:

> (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied,

3

it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *id.*

In taking the position that the lack of an explicit remand following direct appeal rendered the dispute final for all purposes, the defendants blame Poe for the supposed procedural default, noting:

> Poe did not mention to this Supreme Court that a specific judgment amount had not been awarded by the Circuit Court of Jefferson County or that any issue remained with respect to the award of attorneys' fees. . . . Poe [therefore] waived any remaining issue to be decided by the Supreme Court or by the Circuit Court of Jefferson County.

The defendants thus maintain that because Poe did not move to dismiss their appeal (*i.e.,* their *losing* appeal) as interlocutory, he is not entitled to a money judgment for their admitted breach of contract. Ignoring the fundamental maxim that "[e]quity will not permit the processes of a court to be used to work injustice," *Price v. Price*, 122 W. Va. 122, 7 S.E.2d 510, 514 (1940) (Fox, J. dissenting), the defendants insist that two of our recent decisions, *In re Name Change of Jenna A.J.*, 234 W. Va. 271, 765 S.E.2d 160 (2014), and *Quicken Loans v. Brown*, ___ W. Va. ___, No. 13-0764, 2014 WL 6734107 (W. Va. Nov. 25, 2014), *petition for cert. filed*, Mar. 30, 2015, require precisely that sort of unjust result.

In *Jenna A.J.*, we concluded that the issuance of an opinion without remand establishes the law of the case, such that the circuit court's reconsideration of the issue decided is, "in effect, an attempt to overrule a decision of this Court, something that is contrary to our system of jurisprudence." 234 W. Va. at ___, 765 S.E.2d at 163. Then, in *Quicken Loans*, we held that the circuit court erred on remand in awarding attorney fees for the prior appeal where the mandate directed the parties to bear their own costs. The defendants interpret these precedents as barring all further action by the circuit court in the instant case.

Neither *Jenna A.J.* nor *Quicken Loans* stand for anything remotely close to the proposition for which the defendants cite them. In the earlier appeal of this matter, we did not decide either the question of principal or interest on the Note; we merely affirmed the circuit court's award of partial summary judgment to Poe. Similarly, even though our mandate directed that the parties were to bear their own costs of appeal, we made no such ruling with respect to the attorney fees Poe sustained either before the appeal or after its disposition.

4

Moreover, we were fully aware of the nature of the proceedings on appeal. In our opinion disposing of the matter, we stated that, notwithstanding the myriad claims and parties set forth in the complaint, "the instant appeal involves only Petitioners Campbell and Foster and the promissory note claim." *Campbell*, 2013 WL 2462169, at *1 n.2. We also noted that "[t]he circuit court further granted the respondent's 'election to non-suit his remaining claims against [the petitioners] without prejudice pending any appeal of this Judgment . . . .'" *Id.* at *2 n.14.

It is evident that we considered the interlocutory summary judgment order previously appealed by the defendants, though not expressly certified pursuant to West Virginia Rule of Civil Procedure 54(b), to nevertheless "approximate[] a final order in its nature and effect." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 775, 461 S.E.2d 516, 521 (1995). The order was therefore final for purposes of our jurisdiction, but it was yet interlocutory in the sense that there manifestly remained claims and issues to be resolved by the circuit court. Thus, once our mandate issued on direct appeal, the circuit court reassumed jurisdiction of the dispute and was authorized to rule on all outstanding matters, including setting the amount of judgment on the contract claim and awarding attorney fees in accordance with the parties' agreement as embodied in the promissory note.

The defendants contend in the alternative that, with specific respect to an award of attorney fees, Poe waived any claim thereto by neglecting to include an appropriate demand in his amended complaint. In so maintaining, the defendants confine their examination of Poe's complaint to the ad damnum clause, which states, in its entirety:

> WHEREFORE, plaintiff requests all relief as permitted by law and equity, including contractual, compensatory and punitive damages, and pre and post judgment interest, and further all statutory damages, including, but not limited to, consideration, out of pocket expenses and labor costs, interest, *and attorney's fees and costs as contemplated by the West Virginia Uniform Securities Act, and the Wage Payment and Collection Act.*

(Emphasis added). According to the defendants, the ad damnum clause restricts Poe's prayer for relief to attorney fees permitted by statute, as opposed to fees permitted by contract. That can only be true, of course, if one discounts the prefatory language requesting "all relief as permitted by law," while also ignoring that the emphasized portion of the clause is modified by the words "statutory damages," which is not pertinent to Poe's common-law contract claim. Further, the complaint must be read as a whole, and the defendants ignore several allegations prior to the ad damnum clause, including— most significantly—Paragraph 72 that immediately precedes it: "As a result of defendants James Campbell's and Foster's continued failure to pay on their personal guarantees, Poe has suffered *contractual damages* amounting to, at minimum, One-

5

Hundred Thousand Dollars ($100,000.00), *plus any and all* late charges and interest, *fees and costs agreed to within the Note*." (Emphasis added). Paragraphs 59 and 70 contain similar allegations. The claim for attorney fees was indisputably preserved, and the circuit court may entertain Poe's petition therefor when proceedings resume below.

There being no clear error as a matter of law with respect to the circuit court's order of January 17, 2014, the petitioners' requested writ of prohibition is refused.

Writ refused.

**ISSUED:** June 16, 2015

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin

**CONCURRING AND WRITING SEPARATELY:** Justice Allen H. Loughry II; joined by Justice Menis E. Ketchum

In this petition for prohibition, James Campbell and Steven Foster (hereinafter "the petitioners") engage in tactics designed to delay and impede the efforts of the respondent, Glen Poe, to collect a debt that the petitioners clearly owe. Most certainly, this petition must be refused. I write separately to underscore why the law relied upon by the petitioners is wholly inopposite to this case.

In 2007, the respondent Glen Poe loaned $100,000 to a business that was opening a restaurant. The loan was accompanied by a promissory note to repay the loan with interest on an installment basis. The petitioners executed this promissory note as personal guarantors of the loan. The restaurant soon failed and because Mr. Poe was not repaid, he filed this lawsuit in 2008.

By order entered on November 9, 2011, the circuit court granted partial summary judgment to Mr. Poe, ruling that the petitioners are personally obligated upon the note. Establishing a deadline for the submission of information to fix the amount of damages, the circuit court's order provided that "[t]he Court shall conduct such further proceedings as may be necessary under the terms of the Note to liquidate an amount due under the Note, including an award of attorney's fees and costs as provided for in the Note." However, before that date arrived, the petitioners filed a motion pursuant to Rule 59 of the West Virginia Rules of Civil Procedure to alter or amend the circuit court's summary judgment order. After the circuit court denied that motion on January 5, 2012, the

6

petitioners filed appeals to this Court. We considered the appeals and, in a consolidated memorandum decision, affirmed the circuit court. *Campbell v. Poe*, Nos. 12-0130 and 12-0165 (W.Va. Supreme Court, June 7, 2013) (memorandum decision). Our decision contains a thorough recitation of the evidence demonstrating that the petitioners did guarantee the loan. *Id.*

After we upheld the circuit court's ruling, Mr. Poe filed a motion in circuit court to establish the amount of the judgment, including the amount of attorney's fees and costs due pursuant to the terms of the promissory note. The circuit court entered orders in this regard, but the petitioners filed the instant petition for prohibition making the incredible argument that the circuit court should be barred from ordering them to pay anything— including repayment of the loan itself. Citing *In re Name Change of Jenna A.J.*, 234 W.Va. 271, 765 S.E.2d 160 (2014), they claim that the circuit court lacks subject matter jurisdiction to enter any further orders because this Court's memorandum decision did not remand the case back to the circuit court.

*Jenna A.J.* bears absolutely no relevance to this matter. Indeed, *Jenna A.J.* did not even address the issue of subject matter jurisdiction; rather, it concerned the doctrine of the law of the case. This doctrine provides that "when a question has been definitely determined by this Court its decision is conclusive on parties, privies and courts[.]" *Id.* at __, 765 S.E.2d at 161, syl. pt. 3, in part. In *Jenna A.J.*, a circuit court, after being reversed by this Court, sua sponte resurrected the case and entered a new order which essentially sought to overrule this Court's decision. *Id.* at __, 765 S.E.2d at 163. By contrast, in the case sub judice, we affirmed the circuit court's decision that the petitioners are obligated by the terms of the promissory note. By setting the amounts owed to Mr. Poe under the note, the circuit court is complying with the law of the case established by this Court.

The essence of the petitioners' argument seems to be that the consolidated appeals decided in 2013 were interlocutory in nature. However, the petitioners cannot be heard to complain that the circuit court's partial summary judgment and Rule 59 orders were not subject to appeal, inasmuch they are the parties who initiated those appeals.

Respondent Poe has engaged in a seven-year long struggle to collect a debt that the petitioners guaranteed. Principles of justice and finality demand that this matter has reached the end of its protracted and improperly extended course.

Accordingly, I respectfully concur.

7