# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Siddy W.,**
**Respondent Below, Petitioner**

**vs)   No. 17-0416** (Wayne County 01-D-395)

**Charles W.,**
**Petitioner Below, Respondent**

**FILED**

**February 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Siddy W.,[1] pro se, appeals the April 10, 2017, order of the Circuit Court of Wayne County refusing her appeal from a December 28, 2016, order of the Family Court of Wayne County. In its order, the family court increased Respondent Charles W.'s spousal support obligation from $1,211 per month to $1,386.24 per month. Respondent, pro se, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are divorced, and petitioner has been awarded permanent spousal support. Pursuant to a July 1, 2003, order, the amount of petitioner's spousal support was capped at "one-half of [respondent]'s net income." The family court explained that such a level of support "is the maximum that would ever be a fair award." Consequently, the July 1, 2003, order contemplated that petitioner's level of support would fluctuate, capped at one-half of respondent's net income.

However, in a prior appeal, *Charles W. v. Siddy W.* ("*Siddy W. I*"), No. 13-1220, 2014 WL 2579311, at *3 (W.Va. June 6, 2014) (memorandum decision), petitioner argued that she was

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See Charles W. v. Siddy W.*, No. 13-1220, 2014 WL 2579311, at *1 n.1 and n.2 (W.Va. June 6, 2014) (memorandum decision).

entitled to one-half of respondent's monthly net income as long as she had financial need for that amount of support.[2] In *Siddy W. I*, this Court reversed a circuit court order awarding petitioner one-half of respondent's monthly net income and remanded the case to the family court for further proceedings consistent with that decision. *Id.* at *4.

Subsequently, respondent's spousal support obligation was set at $2,394 per month. On July 19, 2016, respondent filed a petition for modification. In an August 23, 2016, order, the family court found that each party "has expenses for his [or her] medical care." Given the commencement of petitioner's social security benefits at $1,183 per month, the family court reduced respondent's spousal support obligation by that amount and set petitioner's spousal support at $1,211 per month. Petitioner appealed the family court's reduction of her spousal support to the circuit court which remanded the case for a corrected calculation by order entered on November 10, 2016. The circuit court found that the family court erred in its calculation by using petitioner's gross income because spousal support was to be calculated with each party's net income.

By order entered on November 29, 2016, the family court set a hearing for December 19, 2016, and directed petitioner to "present evidence as to her net monthly income[.]"[3] The family court noted that respondent "already submitted evidence of his net monthly income." Following the December 19, 2016, hearing, the family court entered a final order on December 28, 2016. The family court explained that respondent's net income was determined in its August 23, 2016, order, but that the previous order did not reflect petitioner's net income because she failed to submit the information necessary to make that determination. The family court found that, despite having another opportunity to submit the needed information at the December 19, 2016 hearing, petitioner "did not do this (emphasis omitted)." Accordingly, the family court used the most recent information it had for petitioner's tax liability, which was for the year 2015. The family court recalculated respondent's monthly spousal support obligation as follows:

7. From the information provided[,] the [c]ourt has determined [petitioner]'s federal tax liability would be 6.8% of her alimony (12 x $1,211.00 for an annual total of $14,532.00) and 6.8% of half of her Social Security ($1,183.00 x .5 = $591.[5]0 x 12 = $7,098.00)[.] She would pay 6.8% of $21,630.00 for a federal tax [liability] of $1,470.84;

8. For [petitioner's] West Virginia tax computation[,] there is no non-taxable Social Security benefit[;] therefore[,] she would pay tax of 2.2% on her total income ($1,183.00 + $1,211.00 = $2,394 x 12 = $28,728.00) for [a] tax [liability] of $632.00;

---

[2]The proceedings in *Siddy W. I* were initiated when petitioner filed an amended petition to modify respondent's spousal support obligation on July 18, 2013.

[3]For purposes of this case, "net monthly income" means each party's gross income minus their respective tax liability. *See Siddy W. I*, 2014 WL 2579311, at *1.

9.      Therefore, [petitioner]'s total tax liability would be ($1,470.84 + 632 = $2,102.84) which would be $175.24 per month. For her to remain at her former net income level[,] she would need to receive additional alimony of $175.24 per month. [Accordingly, respondent] should pay as alimony $1[,]211 plus $175.24 for a total of $1,386.24. . . .

Petitioner appealed the family court's December 28, 2016, order increasing her monthly spousal support from $1,211 per month to $1,386.24 per month. By order entered on April 10, 2017, the circuit court rejected petitioner's contention that the family court failed to make a support calculation based on her net income. The circuit court agreed with the family court that its decision had to be based on "the evidence presented" and that petitioner had the opportunity to provide up-to-date information regarding her net income, but failed to do so. Second, the circuit court referred to a ruling in its November 10, 2016, order that, to the extent that petitioner maintained that the July 1, 2003, order guaranteed her a certain level of support, the 2003 order was not controlling given a substantial change of circumstances, i.e., both parties reaching retirement age.[4]

Third, the circuit court rejected petitioner's contention that the family court failed to consider all relevant factors, explaining that the family court not only addressed respondent's "ability to pay, but also . . . the present employment income and other recurring earnings of each party from any source as well as the financial need of each party." With regard to respondent's ability to pay, the circuit court found that the family court properly used its previous calculation of respondent's net income because there was "no credible evidence showing a change . . . in [respondent]'s net income." With regard to petitioner's financial need, the circuit court noted the family court's finding that she often presents a "wish list" rather than a listing of her actual expenses. *See Siddy W. I*, 2014 WL 2579311, at *1 (noting that the family court made the same finding with regard to a list of expenses totaling $4,006 per month). Accordingly, the circuit court refused petitioner's appeal.

Petitioner now appeals the circuit court's April 10, 2017, order refusing her appeal. We review the matter under the following standard:

In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). In syllabus point 3 of *In Re: Name Change of Jenna A.J.*, 234 W.Va. 271, 765 S.E.2d 160 (2014), we held as follows:

---

[4]As the circuit court found in its November 10, 2016, order, respondent had been receiving social security benefits "for some time" when benefits began to be paid to petitioner.

3

"The general rule is that when a question has been definitely determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal or writ of error and it is regarded as the law of the case." Syl. Pt. 1, *Mullins v. Green*, 145 W.Va. 469, 115 S.E.2d 320 (1960).

We have further found that rulings of lower courts that are not appealed become the law of the case and are conclusive in subsequent proceedings in that case. *See Noland v. Virginia Insurance Reciprocal*, 224 W.Va. 372, 378, 686 S.E.2d 23, 29 (2009) (finding that the lower court's partial summary judgment constituted the law of the case because it was not appealed).

On appeal, petitioner first contends that the circuit court disregarded the law of the case when it found that the July 1, 2003, order was not controlling with regard to setting respondent's spousal support obligation. Respondent counters that petitioner is attempting to re-litigate an issue that has been previously adjudicated. In *Siddy W. I*, we found that, pursuant to the July 1, 2003, order, one-half of respondent's net income is the "maximum amount" that he can be required to pay in spousal support. 2014 WL 2579311, at *3. Therefore, we concur with the circuit court's finding that the family court's failure to award petitioner one-half of respondent's net income in the latest modification proceeding was not a ground for reversing the family court's December 28, 2016, order.

Second, petitioner contends that the family court failed to consider each of the twenty factors set forth in West Virginia Code § 48-6-301(b) for determining an award of spousal support. However, petitioner also states that this error dates back to the July 1, 2003 order, which addressed only petitioner's financial need, respondent's ability to pay, and the equitable distribution between the parties. To the extent that petitioner wants to appeal this aspect of the July 1, 2003, order, the time for her to do so has long since passed. In the instant modification proceeding, the circuit court found that the family court addressed respondent's ability to pay as well as "the present employment income and other recurring earnings of each party from any source as well as the financial need of each party." The circuit court further found that the family court did not need to extensively discuss each of the twenty factors if not pertinent to the instant case. We agree and find that the factors listed by the circuit court are like the factors that we found pertinent in *Siddy W. I*. *See* 2014 WL 2579311, at *2-4. Therefore, we concur with the circuit court's finding that this alleged error was not a ground for reversing the family court's order.

Next, petitioner contends that the family court failed to recalculate respondent's net income and failed to take account of respondent's earnings from his closely held corporation. In *Siddy W. I*, we directed the family court to include profits from respondent's closely held corporation in the calculation of his income. *Id.* at *4. According to respondent, those profits are included in the family court's calculation. The circuit court found that the family court considered each party's earnings "from any source" and did not need to recalculate respondent's net income because there was "no credible evidence showing a change . . . in [his] net income." Upon our review of the record, we concur with the circuit court's finding and conclude that this alleged error was not a ground for reversing the family court's order.

Fourth, petitioner contends that the family court failed to comply with the circuit court's directive from the November 10, 2016, order that it recalculate respondent's spousal support obligation using petitioner's net income. In its December 28, 2016, order, the family court found that petitioner failed to submit up-to-date information despite two opportunities to do so and that it had to calculate her net income using figures from the previous year. Therefore, we concur with the circuit court's finding that the family court had to make the recalculation based on "the evidence presented" and that petitioner's failure to submit up-to-date information was not a ground for reversing the family court's order.

Finally, with regard to both the level of petitioner's net income and the level of respondent's profits from his closely held corporation, petitioner contends that there is new information that could affect the family court's calculation of respondent's support obligation. Petitioner explains that she could not provide information she did not have at the December 19, 2016 hearing. We note that the family court *increased* respondent's support obligation by $175.24 per month in the December 28, 2016, order from the amount calculated in its November 10, 2016, order. Moreover, the record reflects that each of the parties is aware of how to file a petition to modify respondent's support obligation based on changed circumstances. To the extent that petitioner has new information that could affect the amount of respondent's support obligation, she may file a petition for modification. However, based on the present record, we find that the family court did not abuse its discretion in setting respondent's spousal support obligation at $1,386.24 per month. Therefore, we conclude that the circuit court properly refused petitioner's appeal from the family court's December 28, 2016, order.

For the foregoing reasons, we affirm the circuit court's April 10, 2017, order refusing petitioner's appeal from the family court's December 28, 2016, order that increased respondent's spousal support obligation from $1,211 per month to $1,386.24 per month.

Affirmed.

**ISSUED**: February 2, 2018

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker